[No. A026271. First Dist., Div. One. May 21, 1986.]

EMPLOYMENT DEVELOPMENT DEPARTMENT,
Plaintiff and Respondent, v.
UNION BANK, Defendant;
JIMMY D. BELTZ et al., Third Party Claimants and Appellants.

COUNSEL

William J. Hooy for Third Party Claimants and Appellants.

John K. Van de Kamp, Attorney General, and Calvin J. Abe, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

NEWSOM, J.—The present appeal concerns the timeliness of appellants' third party claim to funds levied upon by the Employment Development Department of the State of California. For reasons discussed herein, we agree with the trial court's determination that the third party claim was barred as untimely.

In January of 1981, appellants Beltz and Aviles sold their business to James W. and Kangja Greer (hereafter referred to as Debtors). Debtors' installment note was secured by a security interest in the assets of the

business, including bank accounts, contracts and accounts receivable. A UCC-1 financing statement referring to the security interest was filed with the Secretary of State on March 26, 1981. On July 1, 1981, Debtors incorporated the business under the name of GSP Security, Inc.

On July 14, 1982, Employment Development Department (hereafter referred to as EDD) served a notice of levy for delinquent state employment taxes on the bank where the account of GSP Security, Inc. was located. On July 23, 1982, EDD served a notice of levy on Mt. Diablo Unified School District for an account receivable of GSP Security, Inc. On July 22 and August 16, 1982, the proceeds from the two levies were deposited in the employment tax account of GSP Security, Inc.

On October 5, 1983, appellants served a third party claim on EDD. On October 20, 1983, EDD filed a petition for hearing on the third party claim. At the hearing, the trial court determined that the third party claim was not filed in a timely manner and denied the claim.

*Timeliness of the Third Party Claim*

■ Appellants argue that their claim should be considered under the pre-1983 attachment law. (Code Civ. Proc., § 689.) Under that law, the argument continues, a third party claim is not late unless there is prejudice to the levying creditor. This argument is based solely upon the case of *National Bank of New Zealand* v. *Finn* (1927) 81 Cal.App. 317 [253 P. 757].[1] In that case, it was determined that although Code of Civil Procedure section 689 did not specify the time within which a third party claim could be made, the claim must be made before the levying officer has sold the property or subjected it to satisfaction of the debt by other means. (*Id.,* at p. 337.) The facts are clear in the instant case that the funds obtained by the levy were paid to satisfy the debtor's tax obligation over a year before appellants' claim.

Appellants argue, without supporting authority, that when the state is the creditor, and cash is the property levied upon, it is never beyond recall, and that there is no time limit for the filing of a third party claim in this circumstance. We cannot agree with this open ended interpretation. Under either the old or new attachment law, the third party must make a claim

---

[1]The decision regarding timing in *National Bank of New Zealand* v. *Finn* is reflected in the new attachment law in Code of Civil Procedure section 720.120, which provides: "A person making a third-party claim under this chapter shall file the claim with the levying officer, together with two copies of the claim, after levy on the property but before the levying officer does any of the following: [¶] (a) Sells the property. [¶] (b) Delivers possession of the property to the creditor. [¶] (c) Pays proceeds of collection to the creditor."

prior to the payment of the proceeds of the levy to the creditors. Appellants failed to do so.

The failure to make a claim does not extinguish appellants' rights, but merely bars them from utilizing the summary third party claim procedure. (See Cal. Law Revision Com. com. to Code Civ. Proc., § 720.110, Deering's Ann. Code Civ. Proc. (1983 ed.) pp. 25-26.)

### The Due Process Challenge

■ Appellants next argue, again without benefit of authority, that it was a denial of due process for EDD to fail to discover the financing statement (which was filed against Debtors individually, rather than against GSP Services, Inc.) and give notice to appellants of the levy. Nothing in the attachment law requires such a search.

The state's summary procedures to collect tax obligations have been approved by the courts. (See, e.g., *People* v. *Skinner* (1941) 18 Cal.2d 349 [115 P.2d 488, 149 A.L.R. 299].) There is no requirement that the state search out potential third party claimants prior to levying on a tax debtor's assets.

In light of our determination of the above issues, it is unnecessary to discuss the validity of appellants' claim. The order denying the third party claim is approved.

Racanelli, P. J., and Holmdahl, J., concurred.